Filed 9/24/15  County of San Bernardino Child Supp. Div. v. Black CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

COUNTY OF SAN BERNARDINO
CHILD SUPPORT DIVISION,

      Plaintiff and Respondent,

v.

JAMES A. BLACK, JR.,

      Defendant and Appellant;

MICHELLE M. HYDE,

      Respondent.

E061397

(Super.Ct.No. CSKS1304280)

O P I N I O N

APPEAL from the Superior Court of San Bernardino County.  Diane I. Anderson, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Law Offices of James K. Sweeney and James K. Sweeney for Defendant and Appellant.

1

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, and Linda M. Gonzalez and Marina L. Soto, Deputy Attorneys General, for Plaintiff and Respondent.

No appearance for Respondent Michelle M. Hyde.

## I. INTRODUCTION

Defendant and appellant, James A. Black, Jr., appeals from a judgment regarding parental obligations. Defendant contends the trial court erred in finding that he was on notice that he might not have been the child's biological father; in relying on a disapproved and inapposite case; in ignoring Family Code section 7612, subdivision (a); and in failing to apply Family Code section 7646, subdivision (a)(2). Defendant further contends he received incompetent representation of counsel at trial.

Plaintiff and respondent, County of San Bernardino Child Support Division, contends that defendant cannot appeal the stipulation and judgment because a stipulated judgment is nonappealable, and that judgment rendered moot his challenge to the denial of his application to set aside the voluntary declaration of paternity. Plaintiff further contends defendant forfeited any claim that the trial court erred in failing to consider whether the voluntary declaration of paternity could be set aside under Family Code section 7646 because he failed to raise the issue in the trial court. Finally, plaintiff contends defendant failed to provide any legal authority to support his contention of ineffective assistance of counsel.

We affirm.

2

## II. FACTS AND PROCEDURAL BACKGROUND

Defendant and the other parent, respondent Michelle Hyde, met in early May 2009 and began a sexual relationship. Soon thereafter, Hyde informed defendant she was pregnant with his child. Defendant did not know that Hyde was also in a relationship with another man; she told him their relationship was monogamous. The child, J.B., was born in January 2010. Defendant believed that J.B. was his biological child, and in reliance on that belief, signed the birth certificate and a voluntary declaration of paternity. Defendant, Hyde, J.B., and Hyde's other two children all lived together until March 2011. In February or March 2011, Hyde told defendant's friend that defendant was not J.B.'s biological father. Defendant and J.B. underwent genetic tests that month which confirmed defendant was not the biological father. Defendant moved out of the house.

On October 11, 2011, defendant, acting in propria persona, filed a request in the Los Angeles County Superior Court to set aside his prior voluntary declaration of paternity. In February 2012, defendant was informed that the case was to be transferred to the San Bernardino County Superior Court.

On May 31, 2013, plaintiff filed a complaint regarding parental obligations. Defendant, then represented by Ngo & Associates and P.T. Ngo, filed an answer denying parentage. On March 12, 2014, a hearing was held on defendant's motion to set aside the voluntary declaration of paternity and a motion for judgment seeking child support filed by plaintiff. At the conclusion of the hearing, the trial court declined to rule on either

3

motion and set a trial date, informing counsel that defendant would have an opportunity to bring witnesses. Ngo accepted an April trial date.

The trial court denied defendant's motion to set aside the voluntary declaration of paternity and asked defendant's counsel whether the judgment could be addressed that day. A recess was held to allow the parties to meet and discuss information necessary for the child support calculation. Hyde, defendant, defendant's attorney, and plaintiff entered into a stipulation for judgment regarding parental obligations and judgment. The stipulation and judgment established both defendant and Hyde as the parents of J.B., ordered defendant to pay $1,242 per month in child support commencing May 1, 2014, to pay child support for the period from October 1, 2013, through April 30, 2014, totaling $8,694 at the rate of $75 per month, and ordered both parents to provide medical insurance and be responsible for J.B.'s medical expenses not covered by insurance.

As part of the stipulation and judgment, defendant signed an advisement and waiver of rights for stipulation, in which he acknowledged that he understood that he was admitting he was J.B.'s parent and that he would have the duty to obey the support order until it was changed by the court or ended by law. He acknowledged that his attorney had read and explained the terms of the stipulation and advisement and waiver and that he understood and voluntarily agreed to those terms.

The stipulation and judgment was signed and filed by the trial court on April 23, 2014. Pursuant to the judgment, defendant was ordered to pay child support in the amount of $1,242 per month.

### III. DISCUSSION

#### A. *Request for Judicial Notice*

Defendant has requested this court to take judicial notice of the complaint for legal malpractice and breach of fiduciary duty he filed against the attorney who represented him in the trial court. Defendant describes the relevance of the request as "to support [his] Opening Brief statements as to the multiple failures of said attorneys in their representation of [him] in the underlying trial court matter, which gave rise to the instant appeal." The County of San Bernardino Child Support Division opposed the request, and we reserved ruling on the request for consideration with the merits of the appeal.

The request for judicial notice is denied. Although Evidence Code sections 452, subdivision (d) and 459 authorize the court to take judicial notice of documents on file in a court of this state, defendant asks us to take notice not of the existence of a document, but of its content. The allegations of the complaint are hearsay, and courts may not take judicial notice of hearsay statements contained in pleadings. (*In re Vicks* (2013) 56 Cal.4th 274, 314.)

#### B. *Jurisdictional Challenges*

Plaintiff contends that the stipulation and judgment are nonappealable.

A consent judgment is nonappealable unless the consent was given merely to facilitate an appeal following an adverse determination of a critical issue. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 400.) Here, the trial court adversely determined a critical issue in plaintiff's favor, suggested that the parties formulate the judgment, and

5

then took a recess to enable the parties to do so the same day. Defendant then proceeded to appeal the resulting judgment.

Defendant agreed in the stipulation that he was the parent of J.B. He signed an advisement and waiver of rights for stipulation which stated: "I understand that by agreeing to the terms of this stipulation, I am admitting that I am the parent of the children named in the stipulation and I am giving up" specified rights. He also represented in the stipulation that his attorney had read and explained the terms of the stipulation and that he understood those terms.

A stipulation to paternity is voidable if a person who was not represented by counsel establishes that he was not advised of his right to trial, did not know of that right, and would not have entered the stipulation had he known of that right. (*County of Los Angeles v. Soto* (1984) 35 Cal.3d 483, 486.) Here, defendant was represented by counsel, and he agreed his counsel had explained the terms of the stipulation and that he understood them. That stipulation was not necessary to expedite an appeal of the trial court's order denying his motion to set aside the voluntary declaration of paternity. We thus conclude the stipulation and judgment are nonappealable.

C. *Ineffective Assistance of Counsel*

Defendant contends he received incompetent representation of counsel at trial. Plaintiff responds that defendant has forfeited any challenge to the competency of his trial counsel because he failed to cite any legal authority to support that challenge.

To demonstrate error, an appellant must support each point in his brief by legal argument and citation to authority. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) When a party asserts a point without such citation "'it is deemed to be without foundation and requires no discussion by the reviewing court.'" (*Ibid.*) We therefore reject defendant's claim that his trial counsel provided inadequate representation.

## IV. DISPOSITION

The judgment is affirmed. Each party to bear his/its own costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.